## 4254. HARRELL v. THE STATE.

1. Where an indictment or special presentment is returned into court as a "true bill," containing the names of as many as eighteen persons written in the face thereof as constituting the members of the grand jury who acted on it, and the minutes of the court show that these persons were the regularly impaneled grand jurors for the term, a manifest clerical error made by the foreman in failing to write his full name on the back of the indictment, following the indorsement "a true bill," is immaterial.
2. It is not a good ground for challenge to the array that the jurors heard the evidence relating to the commission of the offense, on the trial of a special plea in abatement. The objection, if good at all, should be made to the poll.
3. Continuances are in the sound discretion of the trial judge. No abuse of discretion in refusing a continuance appears in the present case.
4. No error of law appears, and the evidence supports the verdict.

           DECIDED AUGUST 6, 1912.

Indictment for assault with intent to murder; from Berrien superior court—Judge Thomas. May 18, 1912.

*Hendricks & Christian, J. P. Knight,* for plaintiff in error.
*J. A. Wilkes, solicitor-general,* contra.

HILL, C. J. 1. This was an indictment for assault with intent to

murder, and a conviction of the statutory offense of stabbing. When the case was called for trial, and before arraignment, the accused filed a plea in abatement, based upon the allegation that there was no valid indictment returned against him. The evidence introduced in support of this plea showed that the indictment, as returned into court by the grand jury, had the name "A. W. Patter," or "A. W. Patten," written on the back as the foreman of the grand jury, when in fact there was no such grand juror, the real name of the foreman being A. W. Patterson, the last syllable of the name having been omitted. The solicitor-general, deeming this defect sufficient to make the indictment void, attempted to secure another indictment, at a subsequent term of the court, but for some reason the bill was not found true by the grand jury, and he put the accused on trial on the first indictment. The minutes of the court showed that A. W. Patterson was regularly drawn and sworn as a grand juror, and that he was the foreman of the grand jury that found the bill. Besides, his name was properly written on the face of the indictment as a member of the grand jury. Patterson himself testified that he signed the bill in question as foreman, and intended to sign his full name on the back as foreman, and thought that he had done so; that in signing his name he usually failed to write out the last syllable in full, indicating it by a line. The indictment appeared to have been found true by the requisite number of grand jurors, all of whose names were written in the indictment.

We think the alleged error in the signature of the foreman was immaterial. In the absence of a mandatory statute, the doctrine best sustained by reason and authority is that the words "true bill" and the signature of the foreman may be dispensed with altogether, if the fact of the jury's finding appears in any other form in the record; and even where the words "true bill" are required by statute, the foreman's signature thereto is not necessary. 1 Bishop's New Criminal Procedure, § 700. In Commonwealth *v.* Smyth, 11 Cush. 473, it is held that this omission in the indictment is simply the omission of a form which, if oftentimes found convenient and useful, is in reality unimportant, and that the lack of the indorsement was not necessarily fatal to the indictment. And see Frisbie *v.* U. S., 157 U. S. 160 (39 Law ed. 657). In *McGuffie* v. *State,* 17 *Ga.* 510, it is held that there is

no positive law requiring that the foreman of a grand jury should sign the finding at all; that this seems not to have been the practice at common law, and that our statute made no change in this respect. The court said, however, that the practice of the foreman signing his name to the true bill as foreman was advisable. In that case the court further held, in effect, that the minutes of the court would show who in fact was the foreman of the grand jury that found the bill. Section 812 of the Penal Code (1910) requires that "a grand jury shall consist of not less than eighteen and not more than twenty-three persons." We therefore think that if the bill of indictment or special presentment contains the names of as many as eighteen persons written therein, and these persons are shown by the minutes to have been the regular qualified grand jurors by whom the indictment or presentment was returned, this would be sufficient, although the indictment was not signed by any one of them as foreman. In the present case the minutes of the court showed that A. W. Patterson was in fact a grand juror. He testified that he was the foreman of the grand jury, and that he had signed his name as foreman to the true bill, and it appeared that his name was written in the face of the bill as foreman of the grand jury, and his explanation was entirely satisfactory as to the apparent error in writing out the last syllable of his name. The irregularity was trivial, and the trial judge very properly held that it was immaterial. A merely clerical misprision in writing a name of the grand jurors will not avoid the indictment. State v. Noyes, 87 Wis. 340 (58 N. W. 386, 41 Am. St. Rep. 45, 27 L. R. A. 783, and notes). The fact that the solicitor-general attempted to get another bill and failed to do so did not invalidate the one that had already been properly found and returned into court.

2. The challenge to the array of jurors was made on the alleged ground that they had heard the testimony relating to the offense on the trial of the special plea in abatement. The record does not show that this was true, but if so, it was not a good ground for challenge to the array. If any one of the jurors heard the testimony on the trial of the special plea in abatement and was thereby disqualified, the disqualification would doubtless have appeared in the examination on the voir dire, and, if good at all, could then have been made by challenge to the poll.

3. There was no abuse of discretion in overruling the motion to continue on the ground of the absence of witnesses.

4. No error of law prejudicial to the accused appears to have been committed on the trial of the case, and the verdict of stabbing was supported by the evidence.

*Judgment affirmed. Russell, J., absent because of illness.*